IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **WILLIAM HAROLD CORLEW, JR.,** ) | |
| ) | |
|   **Plaintiff,** ) | |
| ) | |
| **v.** ) | No. 3:15-cv-0369 |
| ) | |
| **METROPOLITAN SHERIFF'S DEPARTMENT,** ) | Chief Judge Sharp |
| **SHERIFF DARON HALL,** ) | |
| **CCS MEDICAL CONTRACTOR PATRICIA YOUNG,** ) | |
| **DR. ROBERTA BURNS, and** ) | |
| **DAVID MILLER,** ) | |
| ) | |
|   **Defendants.** ) | |

**MEMORANDUM OPINION**

Plaintiff William Harold Corlew, Jr., an inmate confined at the Davidson County Sheriff's Office – Criminal Justice Center in Nashville, Tennessee, has filed a civil rights complaint under 42 U.S.C. § 1983 against defendants the Metropolitan Sheriff's Department, Sheriff Daron Hall, CCS Medical Contractor, Patricia Young, Dr. Roberta Burns, and David Miller. (ECF No. 1.) The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

**I. Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Nonetheless, in conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II. Factual Allegations

The plaintiff alleges that he was taken into custody at the Davidson County Sheriff's Office – Criminal Justice Center ("CJC") on February 24, 2015. He told the medical staff upon intake that he had suffered a broken back in the past, has a plate and screws in his back, and suffers from constant back, foot, and neck pain as a result. In addition, his blood pressure is very high. The plaintiff states that Dr. Roberta Burns and Nurse Practitioner David Miller refuse to give him pain pills and multi-vitamins, despite the fact that the outside physician who performed his back surgery, Dr. Edward Mackie, had prescribed him pain medication and multi-vitamins. The petitioner states:

> I'm constantly refuse medical attention and specialist order is being refused. My blood pressure is way too high and I'm being denied treatment for that as well. . . . Please note, my back have been broke, I've had sergery. There is no back specialist at CJC. I'm being denied outside help due to medical bill.

(ECF No. 1, at 4 (internal citations omitted).) The plaintiff seeks relief in the form of adequate care and effective medication, as well as compensatory and punitive damages, based on deliberate indifference to his serious medical needs.

## III. Discussion

The plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42

U.S.C. § 1983.

The plaintiff's claims of constitutional violations are based on the alleged failure by prison officials and medical personnel to provide adequate medical care. The Eighth Amendment, by its terms, prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII.[1] In its application by the courts, the Eighth Amendment has been specifically construed to prohibit the "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (plurality opinion), and conduct repugnant to "evolving standards of decency," *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality opinion). While the Constitution "does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), it does require humane ones, and it is clear that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993).

In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court concluded that, although accidental or inadvertent failure to provide adequate medical care to a prisoner would not violate the Eighth Amendment, "deliberate indifference to the serious medical needs of prisoners" violates the Eighth Amendment, because it constitutes the "unnecessary and wanton infliction of pain" contrary to contemporary standards of decency. Under this analysis, what constitutes "unnecessary and wanton infliction of pain" will vary depending on the nature of the alleged constitutional violation, but the Supreme Court has clarified that the question of whether a prisoner's claim based on prison officials' failure to provide adequate medical care involves both a subjective and an objective component: The objective prong asks whether the harm inflicted by the conduct is sufficiently "serious" to warrant Eighth Amendment protection. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). The Sixth Circuit has defined a "serious medical need" as "either one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's

---

[1] It appears the plaintiff may be a pretrial detainee rather than a convicted prisoner whose rights are protected by the Eighth Amendment. A pretrial detainee's rights are protected by the Fourteenth Amendment rather than the Eighth, but the standard is basically the same. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well.").

attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013) (quotation marks and citations omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

To establish the subjective component of an Eighth Amendment *Estelle* violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir.1976). A defendant's state of mind is sufficiently culpable to satisfy the subjective component of an Eighth Amendment claim when it amounts to a reckless disregard of a substantial risk of serious harm; behavior that is merely negligent will not suffice. *Farmer*, 511 U.S. at 835–36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Thus, when a prisoner has received some medical attention but disputes the adequacy of that treatment, the federal courts are generally reluctant to second-guess the medical judgments of prison officials and thus to constitutionalize claims which sound in state tort law. *Westlake*, 537 F.2d at 860 n.5. Notwithstanding, the Sixth Circuit has also recognized that "in some cases the medical attention rendered may be so woefully inadequate as to amount to no treatment at all." *Id.*

In this case, the plaintiff essentially alleges that he is in extreme pain and also is suffering from uncontrolled high blood pressure, but is not receiving adequate medication to alleviate either condition. Regarding Nurse Practitioner David Miller and Dr. Roberta Burns, the Court finds that the complaint adequately alleges facts suggesting that these individuals have been deliberately indifferent to the

plaintiff's serious medical needs in that they are allegedly refusing to provide adequate pain control or blood pressure medication. For purposes of the initial review only, the Court finds that these claims should be permitted to proceed.

The plaintiff does not indicate that "CCS Medical Contractor" Patricia Young or Sheriff Daron Hall has played a personal role in the denial of medical care, so the Court find that the complaint fails to state a claim against these defendants in their individual capacity. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976) (holding that, to establish the liability of any individual defendant, the plaintiff must show that that particular defendant was personally involved in the activities giving rise to the plaintiff's claims); *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability." (citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991))).

The question then is whether the complaint states a claim against these defendants in their official capacity. "An official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 356 n.4 (6th Cir. 2000). Defendant Daron Hall, as Davidson County Sheriff, represents Metropolitan Nashville & Davidson County ("Metro"). Patricia Young represents CCS, which the Court construes as standing for Correct Care Solutions, the company that contracts to provide medical care to inmates at the CJC. As public or semi-public entities, CCS and Metro cannot be liable solely on the basis that they employ a tortfeasor, because "*[r]espondeat superior* is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). Instead, CCS and Metro can be held responsible for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) ("Like a municipality, a government contractor cannot be held liable on a *respondeat superior* theory. . . . [A] private contractor is liable for a policy or custom of that private contractor. . . ."). Simply stated, to state a claim against a municipal entity (or individual in his or her official capacity), the plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of

that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).[2]

Based on the plaintiff's allegation that the denial of medical care was based upon the cost, the Court liberally construes the complaint as asserting claims against these defendants in their official capacity based on a jail-wide policy of denying necessary medical care if it is deemed too expensive. These claims too will be permitted to proceed past the initial review.

As for the claim against the "Metropolitan Sheriff's Department," the Court construes this claim as asserted against the Davidson County Sheriff's Office, which is not a suable entity. Rather, the Sheriff's Office is simply a division of the Metropolitan Government of Nashville & Davidson County. Metro is already a party to this lawsuit as a result of the Court's permitting the claim against Sheriff Hall in his official capacity to proceed. The claim against the Sheriff's Department will therefore be dismissed on the basis that it is not a suable entity.

An appropriate order is filed herewith.

_____
Kevin H. Sharp
United States District Judge

---

[2] This is the law in the Sixth Circuit and every other circuit that has addressed the issue, but a panel of the Seventh Circuit has recently observed that the question of whether a private entity should be subject to *respondeat superior* liability under § 1983 is a matter deserving of "fresh consideration." *Shields v. Ill. Dep't of Corrs.*, 746 F.3d 782, 789 (7th Cir. 2014). That court noted that the Supreme Court has never directly considered the question of whether *Monell* applies to private corporations, and that "there are substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations." *Id.* at 790. Specifically, "[i]nsulating private corporations from *respondeat superior* liability significantly reduces their incentives to control their employees' tortious behavior and to ensure respect for prisoners' rights. The results of the current legal approach are increased profits for the corporation and substandard services both for prisoners and the public." *Id.* at 794.