IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WILLIAM HAROLD CORLEW, JR.            )
                                       )
    v.                                 )   NO. 3:15-0369
                                       )
METROPOLITAN SHERIFF'S DEPARTMENT,     )
et al.                                 )


TO: Honorable Kevin H. Sharp, Chief District Judge


# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered April 17, 2015 (Docket Entry No. 6), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is Defendants' motion for summary judgment (Docket Entry No. 50). Plaintiff opposes the motion. *See* Docket Entry No. 59. For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.


## I. BACKGROUND

William Harold Corlew, Jr., ("Plaintiff") is an inmate within the custody of the Davidson County Sheriff's Office ("DCSO"). He is currently confined at the Metro-Davison County Detention Facility ("MDCDF"). On April 8, 2015, he filed this action *pro se* and *in forma pauperis* under

42 U.S.C. § 1983 seeking monetary damages, punitive damages, and a variety of injunctive relief based upon allegations that his constitutional rights were violated in 2015 during his confinement as a DCSO inmate in the Davidson County Criminal Justice Center ("CJC") in Nashville, Tennessee. Plaintiff assert that he was taken into custody at the CJC on February 24, 2015, at which time he told the intake medical staff that he had suffered a broken back in the past, has a plate and screws in his back, and suffers from constant back, foot, and neck pain, as well as from high blood pressure. *See* Complaint (Docket Entry No. 1) at 3. Plaintiff alleges that Dr. Roberta Burns ("Burns") and Nurse Practitioner David Miller ("Miller") refused to give him pain pills and multi-vitamins, despite the fact that the outside physician who performed his back surgery, Dr. Edward Mackie, had prescribed him pain medication and multi-vitamins. *Id*. Plaintiff further avers that:

> I'm constantly refuse (sic) medical attention and specialist order is being refused. My blood pressure is way too high and I'm being denied treatment for that as well. . . . Please note, my back have been broke, I've had sergery (sic). There is no back specialist at CJC. I'm being denied outside help due to medical bill.

*Id*. at 3-4.

Upon initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff's allegations supported colorable constitutional claims under 42 U.S.C. § 1983 against, 1) Defendants Burns and Miller, in their individual capacities, for their alleged deliberate indifference to Plaintiff's serious medical needs, and 2) Davidson County Sheriff Daron Hall ("Hall") and Correct Care Solutions, LLC ("CCS") Medical Contractor Patricia Young ("Young"), in their official capacities, based on a claim that the CJC has a policy of denying necessary medical care to inmates if the care is deemed too expensive. *See* Memorandum (Docket Entry No. 4) at 4-6. The Court also found that, although the Metropolitan Police Department had been named as a defendant, it is not an entity that can be sued under Section 1983 but that the claim against Hall in his official capacity is essentially

2

the same as a claim of municipal liability against the Metropolitan Government of Nashville and Davidson County ("Metro"). *Id*. at 6.

By Order entered June 2, 2015 (Docket Entry No. 14), Plaintiff was granted leave to amend his complaint to add Nurse Gigi Larkin ("Larkin") as a defendant based on allegations that she was harassing him and acting arbitrarily by not giving him crackers to eat with his medication despite his complaints that taking medication without food makes him ill. *See* Docket Entry No. 10. Plaintiff subsequently filed another amendment to his Complaint expounding upon his allegations and asserting claims of negligence and medical malpractice. *See* Docket Entry No. 24. Upon Defendants' filing of answers, a scheduling order was entered providing for a period of pretrial activity in the action.

In their motion for summary judgment, Defendants argue that Plaintiff's medical records show that he was provided with regular and frequent medical treatment in response to his complaints and his medical needs while at the CJC during the relevant time period. Defendants Burns, Miller, and Larkin assert that there is no evidence supporting a claim that they acted with deliberate indifference toward any serious medical need from which Plaintiff suffered, let alone that they acted in the manner alleged by Plaintiff. Defendants Hall and Young argue that there is no evidence showing that a policy at the CJC caused a violation of Plaintiff's constitutional right to medical care, and, thus, no support for a claim of municipal liability. Finally, Defendants contend that the Court lacks jurisdiction over Plaintiff's state law claims. In support of their motion, Defendants rely upon the declaration of CCS Health Services Administrator Melinda Stephens (Docket Entry No. 50-1), and Plaintiff's medical records attached thereto. *See* Docket Entry Nos. 50-2 to 50-35.

In response to the motion, Plaintiff has filed a response to Defendants' Statement of Undisputed Facts, in which he disputes the majority of the statements contained therein. *See* Docket Entry No. 59. Specifically, Plaintiff denies 1) that he did not complain about back problems upon his intake, about suffering from pain, or about his need for specific medications, 2) that he refused medications or treatment, 3) that he was provided with adequate medication, and 4) that he was provided with any treatment for his back problems. *Id*.

Also pending before the Court is Defendants' motion to dismiss, in which they seek dismissal as a sanction for Plaintiff's failure to comply with an order from the Court compelling him to provide discovery responses. *See* Docket Entry No. 60.

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Unlike ruling on a motion to dismiss, in considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying

facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

### III. ANALYSIS

A. Official Capacity Claim

As previously noted by the Court, *see* Docket Entry No. 4 at 5, the official capacity claim against Defendants Hall and Young is essentially a claim against their employer or the public entity for which they work, which are CCS and Metro, respectively. Any liability against CCS and Metro must be premised upon a showing of municipal liability under the analysis set out in *Monell v.*

5

*Department of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 375-77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).[1] In *Monell*, the United States Supreme Court held that a municipality can be found liable under Section 1983 if a policy of the municipality itself causes the constitutional violation at issue. As the Supreme Court explained, "[i]t is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. For such a claim, Plaintiff must show that the governmental entity was the "moving force" behind the violation of the constitutional rights at issue, *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), *abrogated in part on other grounds*, *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Monell*, 436 U.S. at 694), and that the complained-about action "was taken with the requisite degree of culpability and [the plaintiff] must demonstrate a direct causal link between the [defendant's] action and the deprivation of federal rights." *Gregory*, 220 F.3d at 442 (quoting *Board of Cnty. Comm'rs of Bryan Cnty.*, 520 U.S. 397, 405, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)).

In the instant case, Plaintiff alleges that he was denied medical treatment because the CJC has a policy of denying medical treatment to inmates if the treatment is too expensive. Summary judgment should be granted to Defendants Hall and Young on this claim because there is no evidence before the Court supporting the claim. Plaintiff has not presented any evidence that he was actually denied any specific medical treatment that was ordered, let alone that such any specific treatment was

---

[1] A claim premised upon a theory that a policy of CMS caused a constitutional deprivation is analyzed in the same manner as a claim against a governmental municipality under Section 1983. *See Starcher v. Correctional Med. Sys., Inc.*, 7 Fed.Appx. 459, 2001 WL 345810 (6th Cir. March 26, 2001) (unpublished) (applying policy requirement to CMS in prison medical care case).

denied because of the cost of the treatment. Indeed, Plaintiff has not presented any evidence that shows or even infers the existence of such a policy. This claim is supported by only conclusory allegations and speculation, which is not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985).

B. Individual Liability Claims

The government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).[2] A claim for deliberate indifference to a prisoner's serious medical needs has both a subjective and an objective component. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Although this standard does not require a showing that the Defendants acted with a purpose or intent to inflict harm, the standard is not satisfied by a showing of negligence. *See Estelle*, 429 U.S. at 105 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment); *Comstock*, 273 F.3d at 703. Plaintiff must show more than medical malpractice and negligence on the part of Defendants because the subjective

---

[2] Although it not clear whether Plaintiff was confined at the CJC as a convicted prisoner or as a pretrial detainee, in either situation Eighth Amendment standards apply to a claim of constitutionally inadequate medical care. *See Thompson v. County of Medina*, 29 F.3d 238, 242 (6th Cir. 1994); *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994); *Danese v. Asman*, 875 F.2d 1239, 1243 (6th Cir. 1989).

7

requirement acts "to prevent the constitutionalization of medical malpractice claims." *Comstock*, 273 F.3d at 703. *See Estelle*, 429 U.S. at 105.

After review of the entire record in the action, the Court finds that summary judgment should be granted to Defendants Burns, Miller, and Larkin. Initially, Plaintiff has not supported his claims with any actual evidence. His response to the motion for summary judgment, although setting forth his arguments and his specific disputes with factual assertions made by Defendants, is an unsworn statement that cannot be considered as evidence rebutting the motion for summary judgment. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n.17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 n. 1 (6th Cir. 2010); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 969 (6th Cir. 1991). Plaintiff has submitted nothing else in support of his claims, nor otherwise relied upon the evidence presented by Defendants to support his claims.

Even if the Court, in light of Plaintiff's *pro se* status, considers his response as something akin to supporting evidence, his response provides an insufficient basis upon which a reasonable jury could conclude that he was treated in a manner that violated his constitutional rights. The evidence before the Court shows that Plaintiff was not ignored at the CJC and was in fact regularly seen by the CJC medical staff, was given medications, and was provided with other forms of treatment. *See* Docket Entry Nos. 50-1 to 50-35. Although "medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference," *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843–44 (6th Cir. 2002) (internal quotation marks and citation omitted), the evidence before the Court does not support such a conclusion.

Plaintiff's claims are essentially based upon his displeasure with the manner or adequacy of the course of treatment he received at the CJC. He believes that he should have been treated more

8

promptly and more sympathetically, been given stronger pain medications and/or different medications, and been provided with some unspecified types of more effective treatment. However, when a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law. *Hill v.Jones*, 211 F.3d 1269 (6th Cir.2000); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). *See also Washington v. Stewart*, 2010 WL 4511015 (M.D. Tenn. Nov. 1, 2010) (Trauger, J.) (inmate who had bullet in his leg from prior incident did not support a constitutional claim based on allegations of inadequate pain medication and the refusal of an x-ray in light of evidence that prison physician gave him Motrin, assigned him to bottom bunk, and provided him with crutches). *Van v. Troutt*, 2010 WL 4007484 (M.D. Tenn. Oct. 12, 2010) (Campbell, J.) (inmate's allegations of inadequate treatment and mis-diagnosis of back injury were insufficient to state constitutional claim in light of medical care that was admittedly provided). Further, Plaintiff's contention that his pain medication was ineffective is not sufficient by itself to support his constitutional claim given the facts before the Court in this case. *See Thomas v. Coble*, 55 Fed.App'x. 748, 2003 WL 343240 (6th Cir. Feb. 11, 2003) (summary judgment properly granted to prison physician despite inmate's disagreement over adequacy of pain medication and allegations that he suffered excruciating pain for six months).

Although the care Plaintiff received at the CJC may not have been as prompt, thorough, or far-reaching as he may have received had he not been incarcerated and had he sought treatment on his own from private medical care providers, the Constitution does not guarantee that a prison inmate receive the "optimum or best medical treatment." *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir. 1982); *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978). Further, deliberate indifference is not

9

shown because "alternative procedures might have better addressed [a prisoner's] particular needs," *Graham v. County of Washtenaw*, 358 F.3d 377, 384 (6th Cir. 2004), and it is well settled that neither negligence nor medical malpractice will support a constitutional claim. *See Estelle*, 429 U.S. at 106; *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990); *Roberts v. City of Troy*, 773 F.2d 720, 724 (6th Cir. 1985). Plaintiff's allegations, even when viewed in the light most favorable to him, simply fails to rise to the level of a constitutional claim. Any factual disputes that exist do not amount to genuine issues of material fact that require resolution by a jury.

C. State Law Claims

In his amended complaint, Plaintiff raises claims of negligence and medical malpractice, which must be viewed as being brought under state law. *See* Docket Entry No. 24. Upon the dismissal of Plaintiff's federal claims brought under Section 1983, the Court no longer has original jurisdiction over Plaintiff's claims and the provisions of Section 1367(c) apply. Section 1367(c)(3) provides that:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection(a) if --
> . . . .
> (3) the district court has dismissed all claims over which it has original jurisdiction,

The decision of whether to retain jurisdiction over state law claims upon the dismissal of the federal claims is left to the broad discretion of the Court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-52, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). There is a "strong presumption" against the exercise of

10

supplemental jurisdiction once all federal claims have been dismissed, *Packard v. Farmers Inc. Co. of Columbus*, 423 Fed.Appx. 580, 584 (6th Cir. 2011), and although not mandatory or absolute, the general rule is to decline to exercise jurisdiction over supplemental state law claims when all federal claims are eliminated from a case before trial. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006); *Musson*, 89 F.3d at 1254-55.

In considering whether to exercise supplemental jurisdiction over state law claims, the Court must consider the provisions of Section 1367(c) and the factors the United States Supreme Court outlined in *Cohill*, 484 U.S. at 350-51, and *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). These factors include judicial economy, convenience, fairness, and comity. *Cohill*, 484 U.S. at 350. In the instant action, the balance of factors weighs in favor of dismissal of Plaintiff's state law claims without prejudice so that such claims can be pursued in the state courts if Plaintiff so wishes.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) Defendants' motion for summary judgment (Docket Entry No. 50) be GRANTED. All claims brought under 42 U.S.C. § 1983 should be DISMISSED WITH PREJUDICE, and any state law claims should be DISMISSED WITHOUT PREJUDICE; and

2) Defendants' motion to dismiss (Docket Entry No. 60) be DENIED as moot in light of the recommendation that summary judgment be granted to Defendants.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and

must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge