UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM HAROLD CORLEW, JR. | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 3:15-cv-00369 |
| v. | ) | |
| | ) | Judge Sharp |
| METROPOLITAN SHERIFF'S | ) | Magistrate Judge Holmes |
| DEPARTMENT, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

# ORDER

Plaintiff William Harold Corlew, Jr., who is currently confined at the Metro-Davidson County Detention Center filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Eighth Amendment. Plaintiff's claims stem from his period of confinement at the Davidson County Criminal Justice Center ("DCCJC"). Specifically, Plaintiff claims that he was denied pain pills and multi-vitamins despite the fact that his outside doctor had prescribed him those medications after he had back surgery. Plaintiff also alleges that Defendants have policy of denying property medical care to inmates if the care is deemed too expensive. This Court's initial review of the Complaint found that Plaintiff asserted colorable claims against defendants Dr. Roberta Burns and Nurse Practitioner David Miller in their individual capacities, and against defendants Patricia Young and Sheriff Daron Hall in their official capacities. (Docket No. 5). Plaintiff has amended his complaint to add Nurse Gigi Larkin as a Defendant and to include state law claims for negligence and medical malpractice. (Docket Nos. 14, 24).

Defendants have filed a Motion for Summary Judgment, (Docket No. 50), and a Motion to Dismiss for Failure to Comply with a Court Order, (Docket No. 60). Plaintiff has responded

to Defendants' Statement of Undisputed Facts (Docket No. 59) but has not submitted any evidence in support of his allegations.

Magistrate Judge Holmes has issued a Report & Recommendation ("R & R") in which she recommends that Defendants' Motion for Summary Judgment be granted and this case dismissed. (Docket No. 63). Magistrate Judge Holmes notes that even when viewing the facts in the light most favorable to Plaintiff, his allegations simply fail to rise to the level of a constitutional violation and that no material factual disputes exist. Moreover, Plaintiff has not submitted any evidence that supports his claims.

Despite being advised that any objection needed to be filed within fourteen days, Plaintiff has filed none. Having considered the matter de novo as required by Rule 72 of the Federal Rules of Civil Procedure, the Court agrees with the recommended disposition.

Accordingly, the Court hereby rules as follows:

1) The Report and Recommendation (Docket No. 63) is ACCEPTED and APPROVED;

2) Defendants' Motion for Summary Judgment (Docket No. 50) is GRANTED;

3) Plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE and Plaintiff's state law claims for negligence and malpractice are DISMISSED WITHOUT PREJUDICE; and

4) Defendants' Motion to Dismiss (Docket No. 60) is TERMINATED AS MOOT.

The Clerk of the Court shall enter judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE